Sanborn, J.
This is an action of contract by a common carrier to recover balances alleged to be due for the transportation of mixed carload shipments of cattle and horses. The facts are not in dispute. Both shipments were shipments in interstate commerce, the first being a carload shipment of 23 cows, 5 horses and 1 pony from Decatur, Indiana, to the defendant at East Weymouth, Massachusetts, and the second being a carload shipment of 26 cows and 5 horses from Ashland, Ohio, to the same destination. These shipments were charged to the defendant and paid for by him on the basis of the established rate for the transportation of straight carloads of cattle between the above named points. Later, the plaintiff advised the defendant these charges had been based on an incorrect classification, and the legal rate called for a further payment of $118.08 and $106.29, respectively, on the two shipments in question. This action is for the collection of those additional charges.
*295 The sole question presented here is the determination of the proper rates applicable to these shipments as established by the classifications and schedules filed and published in accordance with the Interstate Commerce Act. The established rates in effect and applicable, are admittedly binding. As stated by the Court in New York, New Haven & Hartford Railroad Company vs. York and Whitney Company, 215 Mass. 36, “The aim of that act was to secure for each and every shipper of goods in interstate commerce absolute equality of reasonable rates, uniform in application, without discrimination or preference. The railroad and the shipper are bound inexorably to follow the rate published. No excuse which operates as an evasion of that rate, has any standing as matter of law in defense of a proved violation of such rate. Mistake, inadvertence, honest agreement and good faith are alike unavailing.” Hooker vs. Boston & Maine Railroad, 209 Mass. 598-603. The classifications and tariffs in effect on the dates of the livestock contracts are therefore binding on the parties.
It is the contention of the plaintiff that the correct rates are established by Official Express Classification #32 I. C. C. #1400 and other schedules attached thereto and the correct charges are $472.29 for the shipment from Decatur, Indiana, and $465 for the shipment from Ashland, Ohio. These rates are the rates for the transportation of carload shipments of horses, and it is contended apply to the present cases because of Official Express Classification I. C. C. #1400 which is as follows:
“On mixed carload shipments of cattle or live animals, with Horses, Jacks, Jennies or Mules, the classification applying on Horses will apply to all.”
The defendant on the other hand introduced in evidence Railway Express Agency’s local and joint Tariff #3 L. applying to cattle, Horses and Mules in straight or mixed *296 carloads, being I. C. C. #2910, and also introduced supplement #7 thereto, which supplement so far as is pertinent, reads as follows:
“Supplement No. 7 to I. C. C. #2910 contains all changes from original tariff that are in effect on date hereof. Supplement No. 7 cancels Supplement No. 6 (Supplement No. 7 contains all changes) To Local and Joint Tariff No. 3-L applying on Cattle, Horses, and Mules in straight or mixed carloads between stations shown in original tariff and Supplement.”
Section 6 of Local and Joint Tariff No. 3-L. to which No. 7 is a supplement is headed “Bates in this Section apply on Cattle in Carloads.” Local and Joint Tariff No. 3-L I. C. C. 2910 contains this provision, “Governed except as otherwise provided herein by Official Express Classification #32 I. C. C. 1400.” Bastes for the two shipments in controversy based on a classification, under Supplement No. 7 are $342 and $324 respectively, and these amounts the defendant has admittedly paid. The trial Court ruled that the rates established by 'Supplement No. 7, governed the shipments, and made a finding for the defendant.
None of the classifications, schedules, tariffs or rules referred to in argument as having been admitted in evidence, are set forth in the report except as hereinbefore indicated. A more complete statement of the context of the several documents might have assisted materially in determining their proper interpretation. We cannot say from what appears in the report there is any inconsistency between the Schedules under Supplement No. 7 and the provisions of 32 I. C. C. 1400. It may be that Supplement No. 7 refers, as the plaintiff contends, to straight carload shipments of cattle, and to mixed shipments of horses and mules. At any rate, we are of the opinion there is nothing in the report from which it can be definitely found that the classification which by its express terms, establishes the rate *297 for mixed carload shipments of cattle and horses, as the same as the rate for horses, has been modified, superseded or affected by Supplement No. 7 to I. C. C. 2910.
At the conclusion of the trial the plaintiff filed certain requests for rulings all of which were granted. Subsequently a motion for a new trial was filed alleging among other grounds that the finding was against the law in that it was based on a misinterpretation of the classification and schedules governing the case. This motion was denied. We see no reason for a new trial. The facts are not in dispute. The plaintiff is entitled to recover the amounts declared upon if classification I. C. C. #1400 governs. In our opinion there was error in ruling that that classification did not apply. Finding for the defendant is vacated and judgment is to be entered for the plaintiff in accordance with the declaration.